**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Guy Jerome URSERY, Defendant–
Appellant.**

No. 94–1127.

United States Court of Appeals,
Sixth Circuit.

Reargued Jan. 27, 1997.

Decided March 26, 1997.

Robert Haviland, Asst. U.S. Atty., Marlene Juhasz, Asst. U.S. Atty., argued, Flint, MI, David Debold, briefed, Christopher P. Yates, Office of the U.S. Atty., Detroit, MI, for the U.S.

Lawrence J. Emery, argued and briefed, Lawrence J. Emery, P.C., Lansing, MI, for Defendant–Appellant.

Before: CONTIE, RYAN, and BOGGS, Circuit Judges.

CONTIE, Circuit Judge.

Defendant-appellant, Guy Jerome Ursery, appeals his conviction and sentence for manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1).

I.

On July 30, 1992, a state search warrant was executed at defendant's residence located in a rural area with the nearest house about half a mile away. In a field next to defendant's property, six plots of marijuana plants were found. At the time the search warrant was executed, the police officers believed this land was owned by defendant. It was later learned that three of these plots were about 25 feet and three were about 150 feet from defendant's property line. Defendant owned approximately 10 acres, but the actual land on which the marijuana was grown was not his. However, there was no fence between the marijuana plots and defendant's property. The field on which the marijuana was found was covered with thick undergrowth, large bushes, and trees. Each marijuana plot was circled with chicken wire, the immediate area around each plot looked as if it had once been mowed, and there were foot paths leading to defendant's residence. The plants ranged in height from about six inches to two feet. In defendant's house, the police found guns, marijuana seeds, and a crawl space with marijuana stems and stalks hanging from the rafters.

The person who informed the police that defendant was growing marijuana was Heather McPherson. She stated that from September 1989 until February 1992, she had been in defendant's house almost daily. She told the police that during the summer of 1991, she saw small marijuana plants about 50 yards behind defendant's house and defendant, his wife, and his son caring for these plants. She stated that about five times during the summer, she saw that these plants had been transplanted to plots covered with chicken wire in the field next to defendant's house. She assumed that this field was owned by defendant because he and his

family used the property as their own. She also saw defendant and his son mowing around the plots and mowing paths between the plots and defendant's house. McPherson assisted in making a diagram to show the police officers where the plants were grown.

On February 5, 1993, defendant Ursery was charged in a single-count indictment with manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). On June 16, 1993, defendant's pretrial motions for an evidentiary hearing and to suppress evidence, for disclosure of informant, and to strike the mandatory minimum sentence provisions were denied. On June 30, 1993, a jury trial commenced. The jury found defendant guilty on July 2, 1993. On January 19, 1994, defendant was sentenced to 63 months imprisonment to be followed by four years of supervised release.

Contemporaneous to the criminal case, on September 30, 1992, the government filed a civil forfeiture action against defendant's home pursuant to 21 U.S.C. § 881(a)(7). A consent judgment was entered in this action on May 24, 1993, and defendant and his wife paid $13,250 to the government on June 17, 1993, which was the value of their equity in the home.

Defendant timely filed an appeal of his criminal conviction, and the case was first argued before this court in January 1995. In July 1995, this court reversed defendant's conviction on the ground that he had been placed twice in jeopardy for the same offense in violation of the Eighth Amendment because the criminal trial followed a civil forfeiture action that constituted a punishment. *United States v. Ursery*, 59 F.3d 568 (6th Cir.1995). In June 1996, the Supreme Court reversed this court's prior opinion on the ground that civil forfeitures are not punishment within the meaning of the Double Jeopardy Clause. *United States v. Ursery*, —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). On remand, this court vacated its earlier opinion and set the case "for rehearing on the other issues, other than the double jeopardy issue, raised in defendant's appeal." *United States v. Ursery*, 92 F.3d 1485 (6th Cir.1996). We now address these issues.

## II.

■ Defendant contends that the evidence found pursuant to the search warrant should have been suppressed, because the search warrant affidavit contained materially false information. Specifically, defendant contends that the warrant erroneously stated that the marijuana plants were on defendant's property and that the affiant deceived the magistrate by not explaining that the informant's (Ms. McPherson's) map was not drawn to scale or that the information Ms. McPherson had provided was stale. The district court found that even if the alleged false information had been excluded from the search warrant, probable cause still existed to support the warrant.

■ Factual findings made in consideration of a motion to suppress are reviewed for clear error, while the conclusions of law are reviewed *de novo*. A factual finding will only be clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. Ayen*, 997 F.2d 1150, 1152 (6th Cir.1993). The evidence is reviewed "in the light most likely to support the district court's decision." *United States v. Braggs*, 23 F.3d 1047, 1049 (6th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 262, 130 L.Ed.2d 181 (1994).

■ Defendant contends that before trial he should have been given a *Franks* hearing because he submitted sufficient proof that the affiant deliberately and recklessly disregarded the truth. In *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court held that under certain limited circumstances, a defendant has a Fourth Amendment right to challenge the truthfulness of factual statements made in an affidavit supporting a warrant. As this court stated in *United States v. Bennett*, 905 F.2d 931 (6th Cir.1990):

A defendant who challenges the veracity of statements made in an affidavit that formed the basis for a warrant has a heavy burden. His allegations must be more than conclusory. He must point to specific false statements that he claims were made

intentionally or with reckless disregard for the truth. He must accompany his allegations with an offer of proof. Moreover, he also should provide supporting affidavits or explain their absence. If he meets these requirements, then the question becomes whether, absent the challenged statements, there remains sufficient content in the affidavit to support a finding of probable cause.

*Id.* at 934 (citations omitted).

We agree with the district court that even if all the information that was later learned to be false had been excised (such as the fact that the marijuana was not on defendant's property), the affidavit still contained sufficient information to establish probable cause that defendant was manufacturing marijuana and processing it inside his residence. The government did not have to show that the marijuana was actually grown on defendant's property to establish probable cause for a search warrant. The informant stated that she had personally seen marijuana being grown near defendant's residence, being processed in defendant's residence, and being stored in the crawl space inside his residence. Defendant contends this information was stale, but the police officers' personal observations of the marijuana plants two days before the search warrant was issued were sufficient to update the informant's information. *See United States v. Smith,* 783 F.2d 648, 652 (6th Cir.1986).

The combined force of the informant's information and the corroboration by the police gave substantial support for the determination by the magistrate that there existed a fair probability that marijuana would be found in defendant's residence. For this reason, the district court's judgment is affirmed on this issue.

### III.

Defendant also contends that the district court abused its discretion by denying his motion for a mistrial. At trial, defendant argued that the government intentionally interjected prejudicial testimony, warranting a mistrial. First, defendant argues that the government presented testimony about the reason why 18 police officers were used to execute the search warrant, stating that the police had information that Ursery had many weapons and had made statements that he would shoot police officers. Defendant objected to this statement, and the court instructed the jury to disregard the statement. The jury was then excused, and defense council moved for a mistrial, claiming that the witness' statement was inflammatory, deliberate, and prejudicial. The district court ruled that this testimony was not a deliberate attempt by the government to inflame the jury, because defendant had implied previously that it was overkill for 18 police officers to execute a search warrant. The district court pointed out that defendant had pretrial notice of the statement, which was contained in the affidavit for the search warrant, but had made no motion in limine, requesting that the statement not be revealed at trial. The court ruled that the redirect examination of the police officer providing the testimony would be stricken, and that the jury would be so advised and again admonished to disregard the previous testimony. The jury returned, was so instructed, and the redirect examination began anew.

We agree with the district court that this testimony does not warrant a mistrial. This court reviews a denial of a motion for a mistrial under an abuse of discretion standard. *United States v. Chambers,* 944 F.2d 1253, 1263 (6th Cir.1991), *cert. denied,* 502 U.S. 1112, 112 S.Ct. 1217, 117 L.Ed.2d 455 (1992). We do not believe the district court abused its discretion. The record indicates that there was no deliberate effort to inflame the jury, but that the prosecution was responding to an issue which defendant himself opened up by implying that the presence of 18 officers was overkill. *See United States v. Segines,* 17 F.3d 847, 856 (6th Cir. 1994). Moreover, even if the evidence was erroneously admitted, the striking of the evidence with instructions to the jury to disregard it will ordinarily cure the error. *United States v. Wells,* 431 F.2d 432, 433 (6th Cir.), *cert. denied,* 400 U.S. 967, 91 S.Ct. 380, 27 L.Ed.2d 388 (1970). In the present case, the district court instructed the jury on two occasions to disregard the objectionable testimony. Only if this evidence were so prejudicial

that the jury could not be trusted to disregard it, should a new trial be granted. *Id.*

We conclude that the testimony about which defendant complains, while it may have been prejudicial, did not mislead the jury or wholly prejudice the jurors' ability to determine defendant's guilt on the charge of manufacturing marijuana. The comment was an isolated one and drew a clear and immediate response from the district court. Moreover, the case against defendant did not rest on the testimony of the officer who executed the warrant. Rather, the jury heard ample other evidence on which to base its decision. Finally, we note that even if the prosecutor's questioning of the officer was improper, it was not egregious enough to deprive the defendant of a fair trial. *United States v. Chambers,* 944 F.2d at 1272.

 Defendant also argues that the district court abused its discretion by failing to declare a mistrial after the prosecutor improperly commented on defendant's failure to testify on his own behalf. During his closing argument, defendant charged that the government had not presented any testimony demonstrating direct observation of defendant tending the marijuana plants at issue. Furthermore, defendant argued that the government investigation was incomplete. In response, the prosecutor, in her closing argument, commented:

> But you've heard too much evidence to believe that those weren't the defendant's plants. You heard much testimony about how the defendant had grown marijuana the year before in the same place, the same plots, covered them with the same kind of chicken wire. The defendant would have you believe that it's just a coincidence that someone else grew marijuana in the same way, in the same place as he did before.

> The defendant kept a loaded gun at his door for trespassers. Surely if the defendant had seen a stranger around his marijuana plants he would have done something. They were his. Would anybody else have been bold enough to plant those marijuana plants so close to the defendant's property?

> It's just not believable that somebody else could have planted that marijuana in the summer of 1992 and the defendant never saw the planter, never saw anybody there, nothing.

The district court judge found the remark improper, but refused to grant defendant's motion for a mistrial. Instead, the court gave the jury an instruction on the inferences that may be made from the defendant's failure to testify as follows:

> During closing argument the [United States] Attorney made mention of possible observations by Defendant. The defendant did not testify in this case. No one can infer by his not testifying that he did or did not make observations. The defendant has no duty to prove his innocence. Therefore, you must disregard any suggestion made by the Government's argument that you can consider what the Defendant may or may not have observed.

Defendant argues that the prosecutor's comment reflected on defendant's failure to testify and that it was the kind of prejudicial and inflammatory remark that should serve as the basis for a mistrial. The government argues that the comment was intended to rebut the defense suggestion that anyone could have grown the marijuana and that it was not intended as a request that the jury consider defendant's failure to testify.

 We find that the prosecutor's statement reflected indirectly on defendant's failure to testify, if at all. Thus, we must "look at all the surrounding circumstances in determining whether or not there has been a constitutional violation." *Butler v. Rose,* 686 F.2d 1163, 1170 (6th Cir.1982). In order to find that a prosecutor has improperly commented on a defendant's Fifth Amendment right to remain silent, we must find one of two things: either that the prosecutor's manifest intention was to comment on the accused's failure to testify, or that the remark was of such a character that the jury would necessarily take it to be a comment on the failure of the accused to testify. *United States v. Ashworth,* 836 F.2d 260, 267 (6th Cir.1988); *Steele v. Taylor,* 684 F.2d 1193, 1204 (6th Cir.1982), *cert. denied,* 460 U.S.

1053, 103 S.Ct. 1501, 1502, 75 L.Ed.2d 932 (1983).

▮ Although in the present case the prosecutor's comment could possibly be taken as a reference to defendant's failure to testify, it is far from manifest that it was intended as such. The record discloses no evidence that the prosecutor deliberately commented on defendant's failure to testify, and we do not find manifest intent if some other explanation for the prosecutor's remark is equally possible. *United States v. Moore*, 917 F.2d 215, 225 (6th Cir.1990), *cert. denied*, 499 U.S. 963, 111 S.Ct. 1590, 113 L.Ed.2d 654(1991). It is plausible that the prosecutor's statement was intended to rebut defendant's argument that anybody could have planted the marijuana by showing that if someone else had planted it, someone on defendant's property would have seen that person tending the marijuana in the field next to defendant's home. Yet, no evidence of such sightings was presented to the jury. In this light, we do not consider the prosecutor's remark as a deliberate attempt to prejudice the jury on the basis of defendant's failure to testify, but rather an attempt to comment on defendant's failure to support his theory of the case.

▮ In the absence of manifest intent, we must look to whether the jury necessarily construed the remark as a comment on defendant's silence. This court has held that determining whether a jury has necessarily construed a comment as referring to defendant's silence requires a "probing analysis of the context of the comment, and the likely effect of the district court's curative instruction...." *United States v. Robinson*, 651 F.2d 1188, 1197 (6th Cir.), *cert. denied*, 454 U.S. 875, 102 S.Ct. 351, 70 L.Ed.2d 183 (1981). A probing analysis of the context of a comment and the likely effect of a court's curative instruction involves consideration of four factors: (1) whether the remark was manifestly intended to reflect on the failure of the defendant to testify; (2) whether the remark was isolated or extensive; (3) whether the case against defendant was otherwise overwhelming; and (4) whether curative instructions were given and when. *United States v. Moore*, 917 F.2d at 225; *United*

*States v. Pearce*, 912 F.2d 159, 164 (6th Cir. 1990), *cert. denied*, 498 U.S. 1093, 111 S.Ct. 978, 112 L.Ed.2d 1063 (1991). Finally, we note that the question is not whether the jury possibly or even probably would view the remark in this manner, but whether the jury necessarily would have done so. *United States v. Garcia*, 13 F.3d 1464, 1474 (11th Cir.), *cert. denied*, 512 U.S. 1226, 114 S.Ct. 2723, 129 L.Ed.2d 847 (1994).

Having concluded that the prosecutor's remark was not manifestly intended as a comment on defendant's failure to testify, we also note that the other witnesses were available to present evidence in support of defendant's theory, and the jury could easily have believed that the prosecutor's remarks were designed to highlight the failure of the defense team, not defendant himself, to present such testimony. The prosecutor's comment was an isolated remark, made during her closing argument, during which she was attempting to argue to the jurors that they should not accept defendant's theory that anyone could have planted and manufactured the marijuana at issue. The prosecution presented strong evidence of guilt. The jury heard testimony that defendant had grown marijuana in the same place and in the same manner a year earlier. In addition, the prosecution introduced evidence of marijuana found in defendant's home, as well as circumstantial evidence linking defendant to the marijuana growing on the lot near his property. The district court allowed defense counsel to write a curative jury instruction, which was offered to the jury. Viewed in this context, we conclude that the jury did not necessarily construe the prosecutor's statement as a comment on defendant's failure to testify and that the remark did not rise to the level of a constitutional violation. *See Moore*, 917 F.2d at 225–26.

Defendant asserts that the combination of the prosecutor's inappropriate comment on defendant's refusal to testify and the introduction of prejudicial testimony together necessitated the declaration of a mistrial. However, having concluded that the district court acted appropriately in both instances, we hold that the district court did not abuse

its discretion in denying defendant's motion for a mistrial.

## IV.

■■■ Defendant argues that the district court erred in refusing to instruct the jury on simple possession of marijuana. Defendant asserts that, given the evidence presented, the jury should have had the option to convict him for either the manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1) or for simple possession in violation of 21 U.S.C. § 844, which he argues is a lesser included offense of the manufacturing charge. We review the district court's refusal to instruct the jury as to the offense of simple possession under an abuse of discretion standard. *United States v. Frost*, 914 F.2d 756, 766 (6th Cir.1990).

Defendant argues that the jury could have chosen to convict him on charges of simple possession on the basis of evidence presented at trial demonstrating that in 1991, he possessed and used marijuana and gave some marijuana to friends in a non-commercial setting and on the basis of evidence showing that he had marijuana in his home during the police search conducted in 1992. Under Fed. R.Crim.P. 31(c), a defendant is entitled to an instruction on lesser included offenses when the lesser offense is "necessarily included in the offense charged." The rule is that a lesser included offense instruction is required "if the evidence would permit a jury rationally to find [a defendant] guilty of the lesser offense and acquit him of the greater." *Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973).

We find that defendant's possession of marijuana in his home during 1992 and his use and distribution during 1991 are not necessarily included in his manufacture of the marijuana found growing near his property in 1992. *See United States v. Roberts*, 747 F.2d 537, 547 (9th Cir.1984). The evidence on which defendant relies as a basis for requesting the simple possession instruction was admitted under Federal Rule of Evidence 404(b), which allows the admission of evidence of past acts for the purpose of linking defendant to the offense charged. In this regard, the jury was instructed that it could only consider this evidence "in connection with the question of a defendant's identity, knowledge, plan or common scheme regarding the charge contained in the Indictment." Defendant was charged with manufacturing marijuana found growing in six plots near his property. The evidence concerning defendant's other acts involving marijuana was presented to connect him to the marijuana he was charged with manufacturing. If the district court had allowed the jury to convict defendant for simple possession based on the "other acts" evidence, it would have allowed the jury to condemn defendant for an offense not charged in the indictment. The Supreme Court has recognized that "[i]t is ancient doctrine of both common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him." *Schmuck v. United States*, 489 U.S. 705, 717, 109 S.Ct. 1443, 1451, 103 L.Ed.2d 734 (1989).

■■■ Moreover, different evidence is required to support a charge of possession and a charge of manufacture, and the respective charges represent separate offenses. A lesser included offense instruction does not apply when the offenses involve different amounts of marijuana held at different locations and at different times. *United States v. Burton*, 894 F.2d 188, 192 (6th Cir.), *cert. denied*, 498 U.S. 857, 111 S.Ct. 157, 112 L.Ed.2d 123 (1990). For these reasons, the district court properly denied a lesser included offense instruction and is affirmed on this issue.

## V.

Defendant argues that his sentence constitutes cruel and unusual punishment violating the Eighth Amendment.

The district court determined that the sentencing guideline range for defendant was from 63 to 78 months and sentenced him to the low end of the guideline range to be followed by four years of supervised release. No fine was imposed. Before the district court, defendant did not contest the severity of the guideline range, but argued, instead, that there were proper grounds for a downward departure from the guideline range.

On appeal, for the first time, defendant raises the issue that his sentence was disproportionate to the crime in violation of the Eighth Amendment. Unless exceptional circumstances are present, we will not address an issue not first raised in district court. *Taft Broadcasting Co. v. United States,* 929 F.2d 240, 243–45 (6th Cir.1991); *White v. Anchor Motor Freight,* 899 F.2d 555, 559 (6th Cir.1990). We find no exceptional circumstances present and decline to review this argument.

## VI.

We must finally decide whether this case should be remanded to the district court because of a change in the Sentencing Guidelines after defendant was sentenced. At sentencing, the district court determined that based on the seizure of 142 marijuana plants, defendant's base offense level was 26 and his guideline range was from 63 to 78 months. At the time of sentencing, the guidelines equated 142 plants with 142 kilograms of marijuana. U.S.S.G. § 2D1.1(c) stated that if an offense involved more than 50 marijuana plants, each plant was to be treated as equivalent to one kilogram of marijuana. At the time of defendant's sentencing, 142 plants, thus, equaled 142 kilograms of marijuana, which resulted in a base offense level of 26.

While this case was pending before the Supreme Court, the Sentencing Commission adopted an amendment to U.S.S.G. § 2D1.1(c). Instead of treating each plant as equivalent to one kilogram, the amendment states that the presumptive weight of each plant is 100 grams of marijuana, regardless of the total number of plants involved in the offense. U.S.S.G.App. C, Amendment 516 (Nov. 1, 1995). Amendment 516's impact means that now 142 plants equal 14.2 kilograms (not 142 kilograms) for guidelines purposes. A weight of 14.2 kilograms results in a base offense level of 16, not 26, which was defendant's base offense level based on a 142 kilogram weight. U.S.S.G. § 2D1.1(c)(12) (Nov. 1, 1995).

The district court has the discretion to apply Amendment 516 retroactively. U.S.S.G. § 1B1.10(c) (Nov. 1, 1995). As a result, the United States agrees that in the present case, defendant is entitled to file a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence. That section states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the policy statements issued by the Sentencing Commission.

The pertinent policy statement issued by the Sentencing Commission is found at U.S.S.G. §§ 1B1.10(a) and (c). These provisions list an exclusive group of amendments, including Amendment 516, that can trigger the operation of 18 U.S.C. § 3582(c)(2).

As defendant correctly observes, he is entitled to have his case remanded to the district court for the opportunity to present an 18 U.S.C. § 3582(c)(2) motion for a reduction in sentence based on Amendment 516, which changes the equivalent weight of 142 plants of marijuana, and, thus, lowers the guideline range. However, this does not mean that the current sentence is vacated. The current sentence is not erroneous, because it was properly imposed based on the guidelines in effect at the time of sentencing. 18 U.S.C. § 3553(a)(4)(A). Moreover, a district court has the discretion to deny a section 3582(c)(2) motion, even if the retroactive amendment has lowered the guideline range. *See United States v. LaBonte,* 70 F.3d 1396, 1410–11 (1st Cir.1995), *cert. granted,* —— U.S. ——, 116 S.Ct. 2545, 135 L.Ed.2d 1066 (1996); *United States v. Coohey,* 11 F.3d 97, 101 (8th Cir.1993); *United States v. Wales,* 977 F.2d 1323, 1327–28 (9th Cir.1992).

In dealing with a similar amendment to the LSD guideline, the court in *Coohey* stated:

> Section 1B1.10 does not mandate that Amendment 488 be applied retroactively, but instead gives the sentencing court the discretion so to apply it. Accordingly, rather than vacate Coohey's sentences, we remand the case to the District Court in order to allow that court to consider whether, in the exercise of its discretion, Amendment 488 should be applied retroactively to reduce Coohey's sentences.

11 F.3d at 101. In *Wales*, the court noted that ordinarily a defendant must first petition the district court for a sentence reduction, but if the issue is raised for the first time on appeal, the court of appeals may remand for consideration of the request. 977 F.2d at 1328 n. 3. We believe the same procedure should be followed in the present case. This case must be remanded to the district court to allow defendant to make a § 3582(c)(2) motion for a reduction in sentence and to allow the district court to consider, in the exercise of its discretion, whether Amendment 516 should be applied retroactively to reduce defendant's sentence.[1]

### VII.

To conclude, defendant's conviction is hereby **AFFIRMED**. The United States agrees that defendant is entitled to move for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 516 to the Sentencing Guidelines, which may be applied retroactively. The proper procedure for this court is to **REMAND** to the district court for the purpose of allowing defendant to make a motion for a reduction in sentence.[2] On remand, the district court will have the discretion to grant or deny the motion. Therefore, defendant's conviction and sentence are hereby **AFFIRMED**, but the case is **REMANDED** to the district court to allow defendant to make a § 3582(c)(2) motion for a reduction in sentence.

---

**1.** If the district court decides to apply Amendment 516 retroactively to reduce defendant's sentence, the following cases should be noted in regard to the statutory penalty provisions of 21 U.S.C. § 841(b)(1)(B)(vii). *United States v. Marshall,* 95 F.3d 700, 701 (8th Cir.1996); *see also United States v. Emigh,* 933 F.Supp. 1055, 1057–58 (M.D.Fla.1996).

**2.** Pursuant to 18 U.S.C. § 3582(c)(2), the Bureau of Prisons or the district court may also make the motion.