**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rogelio GARZA, Defendant–Appellant.**

**No. 01–2516.**

United States Court of Appeals, Sixth Circuit.

Feb. 3, 2003.

Before SILER, DAUGHTREY, and COLE, Circuit Judges.

*ORDER*

Rogelio Garza appeals pro se from a district court judgment that denied a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Garza was convicted of conspiring to possess cocaine for intended delivery or distribution. *See* 21 U.S.C. §§ 841(a)(1) *and* 846. In 1992, he was sentenced as a career offender to 360 months of imprisonment, and that sentence was affirmed on direct appeal.

In 2002, Garza moved to reduce his sentence under § 3582(c)(2), alleging that his offense level as a career offender should be revised under Amendments 506 and 567 to the sentencing guidelines. The district court denied the motion on October 10,

2001. It is from this judgment that Garza now appeals, moving for pauper status and the appointment of counsel on appeal.

The court may reduce a sentence under § 3582(c)(2), if it was based on a guideline range that has been lowered by the Sentencing Commission. We review the denial of a § 3582(c)(2) motion for an abuse of discretion. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir.1997).

The offense level of a career offender is generally determined by a reference to his Offense Statutory Maximum. When Garza was sentenced, the phrase "Offense Statutory Maximum" was defined as "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense." USSG § 4B1.1, comment. (n.2) (1991). Amendment 506 changed this definition so that it included only the basic statutory maximum, rather than a maximum that had been increased by virtue of the defendant's prior convictions. *See* USSG § 4B1.1, comment. (n.2) (1994); USSG App. C, Amendment 506 (1994).

Garza alleged that the retroactive application of Amendment 506 required a reduction in his offense level under USSG § 4B1.1. This claim is unavailing in light of controlling authority, which holds that Amendment 506 was invalid because it conflicted with a congressional mandate to designate recidivist sentences at or near the maximum term authorized. *See United States v. LaBonte*, 520 U.S. 751, 757–62, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997); *United States v. Branham*, 97 F.3d 835, 845–49 (6th Cir.1996). Moreover, the commentary to § 4B1.1 was amended again, and it now clearly indicates that the Offense Statutory Maximum includes enhancements to the basic statutory maximum. USSG § 4B1.1, comment. (n.2)

(1998); USSG App. C, Amendment 567 (effective Nov. 1, 1997).

Garza argues that Amendment 567 is merely a revision of Amendment 506. This argument is unpersuasive because Amendment 506 was not in effect when he was convicted and because it was invalidated several years before he filed his current action under § 3582(c)(2). *See LaBonte*, 520 U.S. at 762, 117 S.Ct. 1673; *Branham*, 97 F.3d at 849. In addition, the district court properly determined that the application of Amendment 567 would not have affected Garza's guideline range.

Garza primarily argues that he should not have been sentenced as a career offender because the government did not comply with the notice requirements of 18 U.S.C. § 851. However, the alleged failure to comply with § 851 does not provide a viable ground for relief under § 3582(c)(2). Moreover, Garza has already raised this claim in an untimely motion to vacate his sentence under 28 U.S.C. § 2255. We note, nonetheless, that the record indicates that the government did file an adequate notice under § 851. *See United States v. Layne*, 192 F.3d 556, 576 (6th Cir.1999).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.