**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Cleveland David WILLIAMS, Defendant–Appellant.**

**No. 02–2449.**

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2003.

David J. Debold, Asst. U.S. Attorney, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Cleveland David Williams, pro se, Cumberland, MD, for Defendant–Appellant.

Before: CLAY and COOK, Circuit Judges; and STAFFORD, District Judge.*

*ORDER*

This is an appeal of a district court's judgment denying a motion to modify a criminal sentence filed on the authority of 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, a jury found Cleveland David Williams guilty of possessing cocaine base for intended distribution, in violation of 21 U.S.C. § 841(a)(1), and using or carrying a firearm during and in relation to a drug trafficking offense. This latter offense was later vacated and Williams was ultimately sentenced to a term of 188 months incarceration for possession of cocaine base. Williams filed a § 3582(c)(2) motion to modify this sentence in 2002. The district court denied the relief sought and this appeal followed.

The only issue presented for this Court's review is whether the district court erred in denying Williams's § 3582(c)(2) motion to modify his sentence. Section 3582(c)(2) allows the Court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if a reduction would be consistent with the applicable policy statements in the sentencing guidelines. 18 U.S.C. § 3582(c)(2). The decision to deny a § 3582(c)(2) motion lies within the discretion of the district court. *United States v. Ursery,* 109 F.3d 1129, 1137 (6th Cir. 1997). An examination of the record and law using this standard shows that the district court did not abuse its discretion in denying Williams's motion to modify his sentence.

Williams was indicted for, and convicted of, possessing cocaine base after a search of Williams's residence unearthed a brown paper bag containing thirteen separate plastic bags of cocaine base. The contemporaneous laboratory analysis of the substance found in Williams's residence is 55.4 (or 55.42) grams of cocaine base. At trial, Williams and the government entered into a stipulation in open court as to the identity and amount of drugs in the plastic bags, namely, "55 grams of cocaine base Schedule II controlled substance." Finally, neither Williams nor his counsel registered any objections to the portion of the presentence report in which Williams's offense conduct was described as the possession of "approximately 55.4 grams of crack cocaine." Williams's guideline sentence was therefore calculated using this quantity of cocaine base and this has never been an issue in this litigation before 2002.

In 2002, Williams filed his § 3582(c)(2) motion questioning, for the first time, whether he was legally charged and sen-

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

tenced for having possessed fifty-five grams of cocaine base. Williams asserted that an amendment to the sentencing guidelines, Amendment 484, entitled him to a new calculation of the quantity of cocaine base in which the weight of the plastic bags would be excluded and, as a result, a reduced sentence. Amendment 484 directs, in part, that the weight of controlled substances cannot be used in sentence calculations until extraneous materials in the substance are separated out. The government responded and the district court denied the relief sought. The court acknowledged the general grant of discretion in § 3582(c)(2), then rejected Williams's claim on the merits. The court specifically noted that the exact amount of cocaine base was determined by an unchallenged laboratory analysis, it was stipulated to by Williams and his counsel in open court, and that a recent affidavit confirms that the weight of the cocaine base was determined without using the weight of the plastic bags.

The appeal patently lacks merit. Amendments to the sentencing guidelines that retroactively lower sentencing ranges, and which thus permit a defendant to seek relief under § 3582(c), are listed at U.S. Sentencing Guidelines Manual ("USSG") § 1B1.10. Amendment 484 is one of the amendments listed at § 1B1.10. Amendment 484 alters USSG § 2D1.1, the guideline setting forth base offense levels for drug possession. Section 2D1.1, in relevant part, contains a list of drugs and quantities and a corresponding base offense level. Note A to these tables directs that "[u]nless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." The commentary interpreting the "mixture or substance" language of Note A was amended by the relevant part

of Amendment 484 to exclude materials that must be separated from the controlled substance before the controlled substance can be used.

The exact weight of the cocaine base found in Williams's residence has never been in issue. The record before this court clearly demonstrates that Williams was sentenced based on a quantity of cocaine base (approximately fifty-five grams) as found by the laboratory and stipulated to by all parties. There is no hint that the weight of the plastic bags was ever considered in this calculation. Amendment 484 has no relevance to Williams's sentence. This appeal is meritless.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.