**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard GRANT, Defendant–Appellant.**

No. 03–3456.

United States Court of Appeals,
Sixth Circuit.

March 18, 2004.

Before KRUPANSKY and GILMAN, Circuit Judges; and RUSSELL, District Judge.[*]

## ORDER

Richard Grant, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In May 2002, Grant was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In November 2002, he moved to suppress evidence of a firearm found in his possession at the time of his arrest. Following an evidentiary hearing, the district court denied Grant's motion to suppress. Subsequently, Grant entered a conditional guilty plea, reserving the right to challenge the district court's decision. The district court sentenced him to 48 months of imprisonment, plus three years of supervised release.

On appeal, Grant argues that the district court improperly denied his motion to suppress because the arresting officers improperly detained him.

The district court properly denied Grant's motion to suppress. This court reviews a judgment denying a motion to suppress under two complementary standards. *United States v. Hill,* 195 F.3d 258, 264 (6th Cir.1999). Findings of fact are reviewed for clear error and conclusions of law are reviewed de novo. *Id.* In reviewing the district court's decision, this court views the evidence in the light most likely to support the district court's decision. *United States v. Ursery,* 109 F.3d 1129, 1132 (6th Cir.1997).

The police did not improperly detain Grant. Police may briefly stop an individual for investigation if they have a reasonable suspicion that the individual has committed a crime. *Houston v. Clark County Sheriff Deputy John Does 1–5,* 174 F.3d 809, 813 (6th Cir.1999). Reasonable suspicion "requires 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant' an investigatory stop." *Id.* (quoting *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). The question of whether such reasonable suspicion existed is reviewed de novo and is based upon the totality of the circumstances. *Id.*

A review of the suppression hearing transcript reflects that the police officers engaged in a consensual encounter with Grant. Officers Morris Vowell and Daryl Johnson testified that they observed two men standing on a street corner at 1:30 a.m., during the winter, and that the area was known for drug dealing. The officers observed one of the men (Gerald Guerry) flagging down cars with hand signals. Vowell testified that the other individual (Grant) remained on the corner. The officers observed a car pull over, and they saw Guerry approach the vehicle and lean into the passenger side window. The car left as the police approached, and Guerry returned to stand with Grant. Vowell testified that he believed that Guerry had been flagging down cars to sell drugs, and that Grant had remained on the corner to act as a lookout. He stated that the officers involved did not surround the individuals, that they did not draw their weapons, and

[*] The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

that they did not frisk or touch the individuals in any manner. Vowell testified that he and his partner stood about three feet from the individuals, identified themselves as police officers, and inquired as to what they were doing. When asked if they were carrying anything, Guerry revealed that he had a bag of marijuana and Grant informed the officers that he was carrying a weapon. It was at this point that the police frisked Grant and removed the gun. Vowell testified that the officers did not order Guerry and Grant to stop and that the men were free to walk away. Johnson also stated that the officers did not order Guerry and Grant to stop and that the officers did not draw their weapons.

These facts establish that the district court properly concluded that the officers did not improperly detain Grant. In addition, the facts establish that the police officers were able to point to "specific and articulable facts" which led them to reasonably conclude that they should investigate Guerry's and Grant's behavior by approaching them and asking a few questions. Hence, there was no seizure. *See Terry,* 392 U.S. at 34, 88 S.Ct. 1868; *see also Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). The police officers' version of the events leading up to the *Terry* stop certainly would justify a law enforcement official in forming a reasonable, articulable suspicion that Guerry and Grant had been involved in criminal activity sufficient to justify briefly detaining and questioning them. *See, e.g, United States v. Hurst,* 228 F.3d 751, 756–57 (6th Cir. 2000). Hence, the district court properly denied Grant's motion to dismiss.

Accordingly, we affirm the judgment of conviction and sentence.