**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Affrica AKINYEMI, also known as
Michael Jeter, Defendant–
Appellant.**

**No. 03–3105.**

United States Court of Appeals,
Sixth Circuit.

June 11, 2004.

110

Phillip J. Tripi, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

Roger M. Synenberg, Law Offices of Roger M. Synenberg, Cleveland, OH, for Defendant–Appellant.

Before MARTIN and SUTTON, Circuit Judges; and WILLIAMS, District Judge.*

*ORDER*

Affrica Akinyemi, represented by counsel, appeals from his judgment of conviction and sentence. Akinyemi is deemed to have waived oral argument because he failed to respond to this court's show cause letter concerning the waiver of such argument. The government has expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In September 2001, Akinyemi was indicted on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In January 2002, he moved to suppress evidence of firearms found in his possession. Following an evidentiary hearing, the district court denied Akinyemi's motion to suppress. Subsequently, Akinyemi entered a conditional guilty plea to the charges, reserving the right to challenge the district court's decision. The district court sentenced him to fifty-seven months of imprisonment, plus three years of supervised release.

On appeal, Akinyemi argues that the district court improperly denied his motion to suppress because: 1) the investigating officers lacked a reasonable suspicion of criminal activity as required under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968): and 2) the officers lacked a reasonable suspicion to conduct a pat-down search.

Upon review, we conclude that the district court properly denied Akinyemi's motion to suppress. This court reviews a judgment denying a motion to suppress under two complementary standards. *United States v. Hill*, 195 F.3d 258, 264 (6th Cir.1999). Findings of fact are reviewed for clear error and conclusions of law are reviewed de novo. *Id.* In reviewing the district court's decision, this court views the evidence in the light most likely to support the district court's decision. *United States v. Ursery*, 109 F.3d 1129, 1132 (6th Cir.1997).

The police officers' testimony established that they had the reasonable suspicion necessary to conduct an investigatory stop in compliance with *Terry*. A police officer may conduct an investigative detention of an individual where the officer has a reasonable suspicion that the individual is engaged in criminal activity. *Terry*, 392

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

U.S. at 20, 88 S.Ct. 1868; *United States v. Heath,* 259 F.3d 522, 528 (6th Cir.2001). Reasonable suspicion is determined by a totality of the circumstances analysis. *United States v. Smith,* 263 F.3d 571, 588 (6th Cir.2001). Individual factors taken as a whole may give rise to reasonable suspicion, even if the individual factors are entirely consistent with innocent behavior when examined separately. *Id.* In justifying the particular intrusion the police officer must be able to point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant that intrusion. *Terry,* 392 U.S. at 21, 88 S.Ct. 1868.

A review of the suppression hearing transcript reflects that the investigating officers had reasonable suspicion that Akinyemi was or was about to be engaged in drug activity. Officers Pruitt and Negron testified that, on May 30, 2001, at approximately 9:05 p.m., they were driving to investigate suspected drug activity at a car wash, when they observed a black 1999 Cadillac parked in a business lot, with a loud stereo system playing. The officers returned to the Cadillac with the intention of citing the driver for playing loud music. The driver, Jackson, had exited the vehicle and was observed standing near the passenger side of the vehicle having a conversation with Akinyemi. The officers testified that the area was known for its drug activity. The officers also observed Jackson showing Akinyemi a plastic bag containing a substance that appeared to be marijuana. As the officers exited their cruiser, Jackson quickly placed the bag in his pants pocket. Based on these facts, the district court properly concluded that the officers had a reasonable suspicion that Jackson and the defendant were engaged in an attempted drug transaction.

The police officers' testimony also established that they had a reasonable suspicion that the individuals might be armed. When an individual is subject to a lawful investigative detention, an officer may conduct a limited frisk or pat-down of that person for weapons if the officer has a reasonable suspicion of criminal activity and a reasonable belief that the suspect is armed and dangerous. *See United States v. Walker,* 181 F.3d 774, 778 (6th Cir.1999). Moreover, this court has held that, where an officer suspects drug activity, he can reasonably infer that the suspect is armed and dangerous. *See United States v. Vite–Espinoza,* 342 F.3d 462, 467 (6th Cir.2003).

For the reasons stated above, the officers' testimony during the suppression hearing clearly established that they had a reasonable suspicion that Jackson and Akinyemi were engaged in an attempted drug transaction. As such, they were entitled to infer that the suspects were armed and to conduct a limited pat-down.

Accordingly, we affirm the judgment of conviction and sentence.